IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

OWEN CARL BELL )
)
v. ) No. 3:18-cv-1173
)
JOHN C. McLEMORE )

**TO:   Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

### R E P O R T  A N D  R E C O M M E N D A T I O N

This Court has jurisdiction to decide this bankruptcy appeal.[1] By Administrative Order No. 173, this Court has authorized appeals to the Bankruptcy Appellate Panel for the Sixth Circuit (the "BAP"), provided all parties consent, that is neither party elects to have the appeal heard by the United States District Court. 28 U.S.C. § 158(b)(6), (c)(1). The Chapter 7 Trustee and appellee, John C. McLemore (the "Trustee" or the "Appellee") timely elected to have the appeal heard by this Court (Docket No. 1-3). By order entered on October 25, 2018, this appeal was referred to the Magistrate Judge for all purposes. Docket No. 3. For the following reasons, the undersigned respectfully recommends that this appeal be dismissed with prejudice.

---

[1] Because of the recommended summary affirmance and the lack of any record in this case from which the Court can fully determine the timeliness of Bell's appeal of the Bankruptcy Court's September 11, 2018 Order, the Court simply notes that "[c]ases construing Rule 8002 hold that it shall be strictly construed and that failure to timely file [an appeal] is a jurisdictional [requirement] that precludes a district court from reaching the merits." *Schwab Industries, Incorporated v. Huntington National Bank*, 679 F.App'x 397, 399 (6th Cir. 2017) (quoting *Willis v. Sicherman*, 904 F.2d 709, No. 89-3482, 1990 U.S. App. LEXIS 9487, at *3-4 (6th Cir. June 11, 1990) (unpublished table decision)). If Bell's appeal of the September 11, 2018 Order was untimely, this Court is without jurisdiction over that matter, which would further justify dismissal of the appeal taken from that order.

# I. BACKGROUND AND DISCUSSION

On October 16, 2018, Owen Carl Bell ("Bell"), the debtor in a chapter 7 bankruptcy pending under Bankruptcy Case No. 16-02966-CW3-7, filed a notice of appeal (Docket No. 1 at 1) of two orders of the Bankruptcy Court. One order was entered on October 3, 2018 finding Bell in contempt and denying his *pro se* motion to stay the order approving employment of a real estate broker (Docket No. 1-1) and the other order, entered on September 11, 2018, approved the Chapter 7 Trustee's employment of a real estate broker (Docket No. 1-2). Although Bell's appeal was originally docketed before the BAP (Docket No. 1-4), upon the Trustee's election for the appeal to be heard by this Court, the BAP entered an order, on October 22, 2018, transferring the appeal to this Court (Docket No. 1-6), commencing this case. No other filings have been made in this appeal.[2]

As the appellant, Bell was required to file with the Bankruptcy Court Clerk and serve on the Trustee a designation of the items to be included in the record on appeal and a statement of the issues to be presented on appeal under Rule 8009 of the Federal Rules of Bankruptcy Procedure.[3] Fed. R. Bankr. P. 8009(a)(1)(A). The deadline for Bell's designation and statement was fourteen (14) days after his notice of appeal. Fed. R. Bankr. P. 8009(a)(1)(B). Local Rule 81.01 of this Court's local rules states that "[f]ailure by an appellant to comply with the provisions of any of Rules 8009, 8010, or 8018 of the Federal Rules of Bankruptcy Procedure will result in summary affirmance of the decision by the Bankruptcy Judge." Local Rule 81.01.

---

[2] A docket notation on January 14, 2019, states that the Clerk of this Court was notified by the United States Bankruptcy Court that no designations have been filed there.

[3] Unless otherwise noted, all references to rules herein are to the Federal Rules of Bankruptcy Procedure.

Bell's notice of appeal was filed on October 16, 2018, making October 30, 2018 the deadline for filing the designation of the record and statement of the issues on appeal under Rule 8009. As noted on the docket of this case, the Bankruptcy Court notified the Clerk of this Court on January 14, 2019 that no filings had been made in the Bankruptcy Court as of that date. This course of events fully justifies summary affirmance of the two orders of the Bankruptcy Court from which this appeal was taken and dismissal of this appeal with prejudice.

### III. RECOMMENDATION

Based on the foregoing, the undersigned respectfully RECOMMENDS that the two orders of the Bankruptcy Court (Docket Nos. 1-1 and 1-2) be SUMMARILY AFFIRMED and that this appeal be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. See Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to objections must be filed within fourteen (14) days of service of the objections. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(b).

The Clerk is directed to send a copy of this Report and Recommendation to Bell by email as well as by mail.[4]

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[4] The mailing address provided by Bell is the address of property the Trustee appears to have been in the process of selling according to the orders from which this appeal was taken. Bell has not provided the Court with any other mailing address, even though it is his obligation to keep the Court informed of any change in his contact information.