# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| OWEN CARL BELL, | ) |
| Appellant, | ) |
| v. | ) NO. 3:18-cv-01173 |
| | ) CHIEF JUDGE CRENSHAW |
| JOHN C. MCLEMORE, | ) |
| Appellee. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 4), Bell's objections to the R&R (Doc. No 5) and other miscellaneous motions (Doc. Nos. 6, 7, 8), and McLemore's respective responses (Doc. Nos. 10, 11, 12, 13). For the reasons stated below, Bell's objections to the R&R will be overruled, his miscellaneous motions will be denied, and the Magistrate Judge's R&R will be approved and adopted.

### I. Background

On October 16, 2018, Bell appealed two orders in the underlying bankruptcy case (Bankruptcy Case No. 16-02966-CW3-7). (Doc. No. 1 at 1.) The underlying orders: (1) found Bell in contempt of Court and denied his *pro se* motion to stay an order approving of the employment of a real estate broker to sell Bell's property; and (2) approved McLemore's order for approval of the specific broker. (Id.) After Bell appealed these orders, McLemore elected for the appeal to be heard by this Court, and the appeal was subsequently transferred on October 22, 2018. (Doc. No. 1-6.) At the time of the Magistrate Judge's R&R, no other filings had been made in the appeal. (Doc. No. 4 at 2.)

The Magistrate Judge then entered the R&R, recommending that the Bankruptcy Court's orders be summarily affirmed and Bell's appeal be dismissed with prejudice. (Doc. No. 4 at 2-3.) The Magistrate Judge noted that, pursuant to Federal Rule of Bankruptcy Procedure 8009, Bell was required to file and serve on McLemore a designation of the items to be included in the record on appeal and a statement of the issues to be presented. (Id. at 2.) Bell was required to file this designation and accompanying statement fourteen (14) days after his notice of appeal, and, under this Court's Local Rules, any failure to comply with Rule 8009 would result in summary affirmance of the decisions by the Bankruptcy Court. (Id.) The Magistrate Judge stated that Bell's notice of appeal was filed on October 16, 2018, making October 30, 2018 the deadline for filing the designation and accompanying statement. (Id. at 3.) Three months after these filings were due, the Clerk of Court made a special notation on the docket that no designations or other documents had been filed. (Id.) Accordingly, the Magistrate Judge found that summary affirmance of the Bankruptcy Court's two orders was justified and Bell's appeal was due to be dismissed with prejudice for failure to comply with Rule 8009. (Id.)

Bell then filed his objection to the R&R and the three other miscellaneous motions ((1) Motion for John McLemore to Make Restitution for the Theft of Asset from the Owen Bell Bankruptcy Estate; (2) Motion to Stay the Order to Employ a Broker to Sell the Property Until the Appeals Processes Have Resolve the Issues; and (3) Motion to Dismiss the Contempt of Court Order). (See Doc. Nos. 5, 6, 7, 8.) In the objection, Bell merely states that, after he filed the appeal, he had been "waiting for instructions from the Nashville District Court on how I should proceed, what I should file and the deadline dates for those filings." (Doc. No. 5 at 1.) In a combined supporting memorandum for the objection and motions, Bell, without any legal citations or in-

depth argument, summarily challenges nearly every decision that McLemore, as the Trustee, and the Bankruptcy Court made in the underlying case. (See Doc. No. 9 at 1-4.) Neither the miscellaneous motions nor the supporting memorandum contains any legal argument or citations. (See Doc. Nos. 6, 7, 8, 9.)

In response, McLemore argues that Bell's objections and the miscellaneous motions are without merit and not supported by any relevant legal authority or appropriate citations to the record. (Doc. Nos. 10, 11, 12, 13.) Therefore, McLemore requests that the Court approve and adopt the Magistrate Judge's R&R and deny Bell's motions. (Doc Nos. 10, 11, 12, 13.)

**II. Standard of Review**

The Court's standard of review for a magistrate judge's R&R depends upon whether a party files objections. If a party objects to portions of the Report and Recommendation, the Court reviews those portions *de novo*. 28 U.S.C. § 636(b)(1) (C); Fed. R. Civ. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's R&R. See Hill v. Duriron Co., 656 F.2d 1208, 1215 (6th Cir. 1981); see also 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Additionally, when a bankruptcy court decision is appealed to the district court, the bankruptcy court's findings of fact are reviewed under a "clearly erroneous" standard, while the bankruptcy court's legal conclusions are reviewed *de novo*. Investors Credit Corp. v. Howard P. Batie (In re Batie), 995 F.2d 85, 88 (6th Cir. 1993).

## IV. Analysis

Here, Bell's objection consists of the one sentence that he was "waiting for instructions from the Nashville District Court on how [he] should proceed, what [he] should file and the deadline dates for those filings." (Doc. No. 5 at 1.) First, the Court notes that this is not a proper objection. In this circuit, litigants must file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C) to preserve the right to appeal a subsequent order of the district court adopting that report. Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)). The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Id. (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)). Bell's objection is the definition of a conclusory objection, and, therefore, fails to challenge the Magistrate Judge's R&R findings. See id. Further, even if Bell's objection was not conclusory, it is not the Court's job to inform parties of their filing responsibilities in any given case. See e.g., Thompson v. Federal Exp., Case No. 13-14296, 2015 WL 1245885, at *2 (E.D. Mich. Mar. 18, 2015) ("Thompson filed this case *pro se*, and is responsible for timely meeting her deadlines with or without the assistance of counsel."); Hearing Before the Senate Judiciary Comm. on the Nomination of The Honorable John G. Roberts, U.S.C.J., to be the Chief Justice of the United States, 109th Cong. (Sept. 12, 2005), available at http://www.washingtonpost.com/wp-dyn/content/article/2005/09/13/AR2005091300693.html (statement of John G. Roberts) ("[I]t's my job to call balls and strikes and not to pitch or bat."). Accordingly, Bell's objection will be overruled.

Moreover, with regard to Bell's motions, he has not provided the Court with any legal

citation or cogent argument supporting his requested relief. (See Doc. Nos. 6, 7, 8.) For this reason alone, Bell's motions must be denied. See Brown v. VHS of Mich., Inc., 545 Fed. App'x 368, 372 (6th Cir. 2013) (holding that a plaintiff is deemed to have abandoned a claim when a plaintiff fails to make argument in support); Golden v. Metro. Gov't of Nashville & Davidson Cty., 263 F. Supp. 3d 684, 690 (M.D. Tenn. 2017) (following Brown and finding plaintiff's claim abandoned where no arguments were raised).

**VI. Conclusion**

On the basis of the foregoing and having fully considered the arguments raised by the parties, Bell's objection is **OVERRULED**, and the R&R is **APPROVED AND ADOPTED**. The Bankruptcy Court's orders are **SUMMARILY AFFIRMED**. Bell's motions (Doc. Nos. 6, 7, 8) are **DENIED**. Finally, Bell's appeal in this matter is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE